991 F.2d 808
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Shirley D. HILL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3509.
 United States Court of Appeals, Federal Circuit.
 March 1, 1993.
 
 Before RICH, MICHEL and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Shirley D. Hill petitions for review of the June 1, 1992 Opinion and Order of the Merit Systems Protection Board (Board), Docket No. AT07529010544, dismissing as untimely filed her December 2, 1991 petition for review of the Board's Initial Decision of November 19, 1990, which became final on December 24, 1990. We affirm.
 
 DISCUSSION
 
 2
 On July 13, 1990, the United States Department of the Air Force removed Hill from her position as Clerk/Typist at the Maxwell Air Force Base. Hill appealed her removal to the Board on July 16, 1990. On November 19, 1990, the Board issued its Initial Decision affirming her removal and informing Hill that the Decision would become final on December 24, 1990, 35 days after the decision, unless she filed a petition for review by that date.
 
 
 3
 Approximately one year later, Hill filed both a petition for review of the Board's Decision and a request that a waiver of the filing deadline be granted. The Clerk of the Board informed Hill in a March 11, 1992 letter that her petition was untimely and that she needed to submit an affidavit or sworn statement, signed under penalty of perjury, stating why there was good cause for the late filing. In response, Hill timely submitted a signed statement, dated March 23, 1992, explaining that she had filed her petition late because she had been deeply depressed and her physician had advised her that her top priority should be her health.
 
 
 4
 On June 1, 1992, the Board held that Hill's signed statement failed to establish good cause for her delay in filing her petition and dismissed Hill's petition for review accordingly. The Board stated that a mere assertion of illness, unsupported by evidence, is insufficient to show good cause for a waiver of the Board's time limits. The Board further noted that Hill had failed to establish that her illness prevented her from meeting the Board's filing requirements.
 
 
 5
 In her petition to this court, Hill argues in part the merits of her removal. However, whether the Board erred in affirming the agency's decision to remove Hill from her position is not presently before this court. Rather, this court is faced with determining the narrow issue of whether the Board erred in not granting a waiver of the Board's filing requirements.
 
 
 6
 Hill further argues that certain documents contained in her file evidence that her illness is not a "mere assertion." The documents that Hill relies upon, however, bear upon her health at the time that she was removed and not upon her health during the one year period which lapsed before she filed her petition for review with the Board. In any event, as stated by the Board, Hill has never presented any explanation as to how her "depression" prevented her from meeting the Board's filing requirements.
 
 
 7
 The Board has broad discretion in deciding whether to waive the regulatory time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). Furthermore, this court reviews Board decisions under a narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC § 7703(c) (1988). Finding no such grounds present here, we affirm.