# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SHIRLEY R. HICKS,
               Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
               Agency.

DOCKET NUMBER
AT-1221-15-0217-W-1

DATE: September 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shirley R. Hicks, Burksville, Alabama, pro se.

Bryan Adams, Maxwell Air Force Base, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On August 11, 1989, the agency removed the appellant from her Secretary position. Initial Appeal File (IAF), Tab 6 at 15. She filed an appeal of her removal to the Board, which mitigated the removal to a 60-day suspension. *Id.* at 13, 15. She filed a petition for enforcement of the Board's decision, and the Board ultimately found the agency in compliance. *Hill v. Department of the Air Force*, 49 M.S.P.R. 271, 275 (1991).[2] On July 13, 1990, the agency effected a new removal action. *See Hill v. Merit Systems Protection Board*, 991 F.2d 808, No. 92-3509, 1993 WL 45708, *1 (Fed. Cir. March 1, 1993). She appealed her removal, and a Board administrative judge affirmed the action. *Id.* She filed a petition for review, which the Board dismissed as untimely filed. *Hill v. Department of the Air Force*, 54 M.S.P.R. 254, 256 (1992), *aff'd*, 991 F.2d 808 (Fed. Cir. 1993) (Table).

¶3    More than 20 years later, in July 2014, the appellant contacted the Office of Special Counsel (OSC). IAF, Tab 6 at 3. In two letters dated August 27, 2014,

---

[2] Based on our review of the record, it appears that at some point in time the appellant changed her last name from "Hill" to "Hicks."

OSC informed her that it had closed its investigation into her allegations and that she could seek corrective action from the Board under 5 U.S.C. §§ 1214(a)(3) and 1221 for potential violations of 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *Id.* at 4, 12. On October 18, 2014, she filed a request for corrective action with the Office of the Clerk of the Board (Clerk's Office) and submitted several attachments, including the close-out letter from OSC. *Id.* at 6-12. In a letter dated November 10, 2014, she reiterated her request to the Clerk's Office and submitted the OSC letter describing her potential right to seek corrective action from the Board. IAF, Tab 1 at 2-6. The Clerk's Office forwarded her correspondence to the Board's Atlanta Regional Office, which docketed the matter as a new IRA appeal. *Id.* at 1; IAF, Tab 3.

¶4        The administrative judge apprised the appellant of her burden of making a nonfrivolous allegation of Board jurisdiction over an IRA appeal. IAF, Tab 4. She ordered the appellant to file a statement, supported with evidence, on the jurisdictional issue. *Id.* at 7. The appellant responded to the order by requesting a hearing and submitting an unsworn declaration and evidence of the completion of OSC's investigation into her claim of reprisal for filing a Board appeal. IAF, Tab 6. She also alleged that agency officials retaliated against her after the Board mitigated her 1989 removal to a 60-day suspension because they wanted to remove her or force her to quit. *Id.* at 6. The agency filed a motion to dismiss the appeal on the basis of res judicata, IAF, Tab 7, to which the appellant responded in opposition, IAF, Tab 8.

¶5        Without holding the requested hearing, the administrative judge issued an initial decision dismissing the IRA appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1, 5. Specifically, she found that the appellant failed to nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 4. She also found that, when the appellant was removed in 1990, the Whistleblower Protection Act did not authorize an individual to seek corrective action from the Board in an IRA appeal based on reprisal for protected

activity under 5 U.S.C. § 2302(b)(9).  ID at 5.  Finally, she found that, although the appeal was dismissed on other grounds, the appeal also was barred by the doctrine of res judicata.  ID at 3 n.2.

¶6    The appellant has filed a petition for review in which she argues the merits of her 1990 removal and alleges that the administrative judge who adjudicated the appeal of her removal made several errors.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    An IRA appeal is authorized by statute only in certain reprisal cases as designated in 5 U.S.C. § 1221(a).  *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 2 (2014), *aff'd*, No. 2015-3054, 2015 WL 4681015 (Fed. Cir. Aug. 6, 2015).  At the time of the appellant's removal in 1990, an eligible individual's entitlement to seek corrective action from the Board in an IRA appeal was limited to covered personnel actions taken or proposed to be taken as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8), i.e., retaliation for whistleblowing.  *See id.*  The administrative judge found that the appellant's allegations of reprisal for filing a Board appeal are not allegations of a prohibited personnel practice under 5 U.S.C. § 2302(b)(8), and thus the Board would lack jurisdiction over the appellant's claim in an IRA appeal based on the law in effect at the time of her removal.  ID at 4-5.  We agree with the administrative judge's analysis.[3]  *See, e.g.*, *Ruffin v. Department of the Army*, 48 M.S.P.R. 74, 78 (1991).

¶8    Effective December 27, 2012, the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, extended the IRA appeal right in section 1221(a) to include not only prohibited personnel practices

---

[3] We also agree with the administrative judge's finding that the appellant exhausted her administrative remedies before OSC as required under 5 U.S.C. § 1214(a)(3).  *See* ID at 4.

described in 5 U.S.C. § 2302(b)(8), but also prohibited personnel practices described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D), *see Miller*, 122 M.S.P.R. 3, ¶ 2. The Board has held, however, that this expanded IRA appeal right pertaining to prohibited personnel practices described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), and (C), does not apply retroactively to events that occurred before the effective date of the WPEA. *Miller*, 122 M.S.P.R. 3, ¶ 15; *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014); *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 9-15 (2014).[4] Accordingly, the administrative judge correctly concluded that, even if the appellant's retaliation claim was covered under one of the pertinent subsections of section 2302(b)(9), the WPEA did not afford her an IRA appeal right based on retaliation that occurred more than 2 decades before the effective date of the WPEA. We therefore find that the appellant has failed to make a nonfrivolous allegation that the Board has jurisdiction over her claim of reprisal for filing a Board appeal.

¶9      In her petition for review, the appellant addresses the merits of her removal in 1990 and argues that the administrative judge who adjudicated the removal appeal erred in various ways. PFR File, Tab 1. Because these arguments are not dispositive to the relevant jurisdictional issue, we decline to discuss them further. For these reasons, we affirm the administrative judge's dismissal of the IRA appeal for lack of jurisdiction.[5]

---

[4] The appellant has not claimed reprisal for refusing to obey an order that would require her to violate a law as described in 5 U.S.C. § 2302(b)(9)(D).

[5] We also agree with the administrative judge's finding that the appeal alternatively is barred by the doctrine of res judicata. ID at 3 n.2. We find that res judicata applies to this case because the appellant had the opportunity to raise her claim of reprisal for protected activity during her prior removal appeal in 1990 under 5 U.S.C. § 7701(c)(2)(B). *See, e.g.*, *Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶¶ 7-8 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal

Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.