# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC ROSE,
               Appellant,

        v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
AT-1221-15-0538-W-1

DATE: December 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Sally R. Bacon, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as barred under the doctrine of res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Prior to filing the instant IRA appeal, the appellant appealed to the Board from an alleged constructive suspension and a removal, and his appeals were docketed respectively as *Rose v. Department of Defense*, MSPB Docket No. AT‑0752-11-0814-I-1, and *Rose v. Department of Defense*, MSPB Docket No. AT-0752-12-0063-I-1. We summarize the pertinent facts in these appeals, which are more fully set forth in *Rose v. Department of Defense*, 118 M.S.P.R. 302 (2012); *Rose v. Department of Defense*, MSPB Docket No. AT‑0752‑12‑0063-B-1, Remand Order (Sept. 17, 2014) (0063 B-1 Remand Order); and *Rose v. Department of Defense*, MSPB Docket No. AT‑0752‑12‑0063-B-2, Final Order (Aug. 10, 2015) (0063 B-2 Final Order).

¶3        The appellant held the position of Store Worker/Forklift Operator at the Defense Commissary Agency (DCA), a component of the Department of Defense. *Rose*, 118 M.S.P.R. 302, ¶ 2. His duty station was located at another Government entity, the Department of the Navy's Gulfport Naval Construction Battalion Center (NCBC). *Id*. In June 2011, one of the appellant's supervisors, the Store Director, presented a false report to NCBC security and communicated to the acting commander of the NCBC information regarding remarks that the appellant

made relative to his use of a gun to "take care of" management. 0063 B-2 Final Order, ¶ 2. Thereafter, the appellant was arrested by military police and barred from entering the NCBC, which was his duty station. *Id.*; 0063 B-1 Remand Order, ¶¶ 2, 8.

¶4      The appellant filed a Board appeal, alleging that he had been constructively suspended for more than 14 days effective June 11, 2011, but his appeal was ultimately dismissed for lack of jurisdiction. *Rose*, 118 M.S.P.R. 302, ¶¶ 1, 3. On October 21, 2011, while that appeal was pending, the agency removed the appellant based on charges of absence from duty due to barment from the NCBC and absence without leave. *Id*., ¶ 3 n.1.

¶5      The appellant filed a Board appeal of the removal, and, after twice remanding for further adjudication by the regional office, the Board reversed the removal on due process grounds. 0063 B-2, Final Order, ¶ 1. In its second remand order, the Board agreed with the administrative judge that the appellant did not prove his affirmative defense of retaliation for protected activity under 5 U.S.C. § 2302(b)(9). 0063 B-1 Remand Order, ¶¶ 18-23. In doing so, the Board considered the inaccurate information that the Store Director provided to base security and concluded that any retaliatory actions on the part of the Store Director in providing such information were not a proximate cause of the barment action or the removal. *Id*., ¶¶ 22-23.

¶6      Following the Board's second remand order, the administrative judge issued a new initial decision reversing the removal on due process grounds. 0063 B-2 Final Order, ¶ 3. The agency filed a petition for review of the reversal, and the appellant filed a cross petition, claiming, among other things, that he had proven that the removal was taken in reprisal for whistleblowing. *Id.*, ¶¶ 1, 13. The Board denied both petitions, declined to consider the appellant's whistleblower claim because he did not identify such a claim for adjudication below or in his prior petition for review, and affirmed the reversal of his removal. *Id*.

¶7        Following the issuance of the Board's final orders on his removal and the alleged constructive suspension, the appellant filed the instant IRA appeal and requested a hearing.  Initial Appeal File (IAF), Tab 1 at 2.  In his appeal, he alleged that, in retaliation for whistleblowing, the DCA Commissary Store Director had provided false information to base security and negative information to the naval commander of the NCBC, the facility from which he had been barred. *Id*. at 6.  Accompanying his petition was a copy of a letter, dated April 13, 2015, from the Office of Special Counsel (OSC), informing him that OSC was closing its inquiry into his complaint regarding the alleged constructive suspension and removal actions that he had appealed to the Board.  *Id*. at 9.

¶8        The administrative judge assigned to this IRA appeal ordered the appellant to show cause why his appeal should not be dismissed on the basis of res judicata. IAF, Tab 7.  After each party responded to the order, the administrative judge issued an initial decision dated January 21, 2016, dismissing the appeal.  IAF, Tab 12, Initial Decision (ID).  Relying on *Sabersky v. Department of Justice*, 91 M.S.P.R. 210 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003), the administrative judge found that, having failed to present his whistleblower claim in a timely manner during his removal appeal, the appellant was precluded from pursuing an IRA appeal of the same personnel action.  ID at 3.  The administrative judge found unavailing the appellant's argument that he was attempting to challenge different actions in this IRA appeal; namely, the Store Director's false statement leading to his arrest and barment by the Department of the Navy and the Store Director's negative input in support of continuing that barment by the Navy.  *Id.*  The administrative judge found that OSC's closure letter reflected that the appellant's whistleblower reprisal complaint with OSC identified only his constructive suspension and removal as the alleged retaliatory actions.  ID at 3-4.  The administrative judge further found that his alleged constructive suspension was his barment from the Naval base, an action taken by the Navy that the Board cannot review.  ID at 4.

¶9      The appellant has filed a timely petition for review, challenging the application of the doctrine of res judicata to his IRA appeal.  Petition for Review (PFR) File, Tab 1.  The agency has filed a substantive objection to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10      Res judicata, or claim preclusion, prevents parties from litigating claims that were brought or could have been brought in a prior action.  *Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005); *Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 17 (2012); *Sabersky*, 91 M.S.P.R. 210, ¶ 7.  It applies if:  (1) the prior decision is rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Carson*, 398 F.3d at 1375; *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).

¶11      On review, the appellant contends that his IRA appeal is not barred by the doctrine of res judicata because the alleged retaliatory actions are not the same personnel actions that he previously had appealed to the Board.  PFR File, Tab 1 at 1.  He claims to be challenging the following alleged retaliatory actions: (1) the Store Director making a false statement to base security about him having a gun and threatening management; and (2) the Store Director providing an opinion to the commanding officer that he should remain barred from the base. *Id.*  Because these actions did not appear to be within the Board's jurisdiction, and the administrative judge did not inform the appellant of his jurisdictional burden in an IRA appeal, the Board ordered the appellant to submit evidence and argument on the jurisdictional issue.  PFR File, Tab 5.  The appellant has filed a response.  PFR File, Tabs 6-7.[2]

---

[2] The appellant timely filed a lengthy response to the order to show cause, which contained a copy of his OSC complaint.  PFR File, Tab 6.  He also submitted a

¶12     The Board has jurisdiction over an IRA appeal under the Whistleblower Protection Act[3] if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure described in 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action listed at 5 U.S.C. § 2302(a).  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  For the purpose of exhaustion before OSC, an employee must inform OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that may lead to corrective action.  *See Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (1992).

¶13     In his response to the Board's jurisdictional order, the appellant submitted, for the first time, a copy of his OSC complaint.  PFR File, Tab 7.  This complaint further supports the administrative judge's finding, based on the OSC closeout letter submitted with his initial appeal, that the appellant exhausted his administrative remedies concerning only his alleged constructive suspension and his removal, which already had been the subjects of his prior Board appeals.  ID at 3-4; IAF, Tab 1 at 9.  Specifically, in response to the question on the OSC complaint form regarding the actions or events he was reporting to OSC, the appellant simply stated, "retaliatory constructive suspension followed by removal."  PFR File, Tab 7 at 8.  Further, in response to the question about when the alleged personnel actions occurred, the only specific date identified by the appellant was October 21, 2011, the date his removal was effected by the Department of Defense.  *Id.* at 11.

"finalized" copy of his OSC complaint.  PFR File, Tab 7.  For ease of reference, we refer to his response located at PFR File, Tab 7 when citing to his complaint.

[3] All of the relevant events occurred prior to the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465.

¶14    In response to a question on the OSC complaint form asking for details of the alleged retaliatory actions or events identified in the complaint, the appellant stated that the Board had found in his prior appeal that the agency had not articulated a nonretaliatory explanation for the Store Director's communicating inaccurate information to base security. PFR File, Tab 7 at 8; 0063 B-1 Remand Order, ¶¶ 18-19, 23. In analyzing the appellant's retaliation claim in his prior appeal, the Board found that the Store Director's role in his removal was only indirect and that there was no evidence that he had any discussions with or otherwise influenced the proposing or deciding official regarding the appellant's removal. 0063 B-1 Remand Order, ¶ 22. Concerning the barment, the Board found no evidence that the Navy relied on information from the Store Director in making its barment decision, noting that the record showed that the military police gathered evidence independently. *Id.*, ¶ 23. Specifically, the Board noted that the statements of probable cause did not mention the Store Director's report nor did it mention the erroneous information contained in the Store Director's report regarding the appellant allegedly threatening to use a firearm. *Id*.

¶15    We find that the appellant has not shown that the administrative judge erred in finding that the instant appeal involves the same actions that he previously had appealed. The appellant's submissions on review show that his complaint to OSC involved his 2011 removal by the Department of Defense and a claim of inaccurate information from the Store Director. Thus, we find no basis to disturb the administrative judge's dismissal of the appeal based on res judicata when, as here, the appellant's claim could have been raised in connection with his prior Board appeal of his removal, the judgment in that case was rendered by the Board (which has jurisdiction over the removal action), the prior judgment was a judgment on the merits, and the same set of facts giving rise to the rights to seek relief and the same parties were involved in both cases. *See, e.g.*, *Carson*, 398 F.3d at 1375.

¶16 We further find that, even if we accepted the appellant's contention that the Store Director's actions he describes as being the subject of this appeal should be considered separate and apart from the alleged constructive suspension and removal actions, the appellant has failed to make a nonfrivolous allegation that the Store Director's actions are "personnel actions" that can be the basis for an IRA appeal. At the time relevant to this appeal, a "personnel action" for these purposes was defined by statute to include only the following:

(i) an appointment;

(ii) a promotion;

(iii) an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action;

(iv) a detail, transfer, or reassignment;

(v) a reinstatement;

(vi) a restoration;

(vii) a reemployment;

(viii) a performance evaluation under 5 U.S.C. chapter 43;

(ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in this subparagraph;

(x) a decision to order psychiatric testing or examination; and

(xi) any other significant change in duties, responsibilities, or working conditions.

5 U.S.C. § 2302(a) (2011).[4] The appellant has described the alleged personnel actions in this appeal as (1) the Store Director lying to base security, and (2) the Store Director providing an opinion to the commanding officer that the appellant should remained barred from the Naval base. PFR File, Tab 1 at 4, Tab 6 at 5. Even if proven, neither of these actions would meet the relevant definition of a personnel action set forth in section 2302(a), above. Accordingly, we find that the Board lacks jurisdiction over an IRA appeal based on these actions alone.

---

[4] Even if subsequently enacted revisions to this definition applied, they would not change the outcome of this appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's

website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.