**Axel V. SABERSKY, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 02–3254.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 14, 2003.

Rehearing and Rehearing En Banc
Denied May 22, 2003.

Before RADER, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

Axel V. Sabersky appeals from the final order of the Merit Systems Protection Board, 91 M.S.P.R. 210, in which the Board dismissed his appeal as barred by res judicata. We *affirm.*

## BACKGROUND

Mr. Sabersky was employed as a District Adjudications Officer with the Immigration and Naturalization Service ("INS"). In June 1998, the INS dismissed Mr. Sabersky for cause while he was attending required training at the Immigration Officer Academy. The INS allowed Mr. Sabersky another attempt to complete the training but again dismissed him from the Academy for cause on October 29, 1998. The INS subsequently removed Mr. Sabersky from his position on charges of insubordination, effective December 15, 1999.

Mr. Sabersky appealed his removal to the Merit Systems Protection Board, which upheld the removal in a May 4, 2000, initial decision. The administrative judge

assigned to his case stated that "I find that the agency has supported its charge by preponderant evidence. I find that appellant was insubordinate, as charged, and that his insubordination resulted in his being dismissed from the training academy." The full Board then affirmed the initial decision. Mr. Sabersky appealed to this court, but on February 6, 2001, we dismissed the appeal for failure to pay the docketing fee.

Several months later, on August 3, 2001, Mr. Sabersky filed another claim with the Board challenging his removal under a different legal theory. This time Mr. Sabersky alleged that he was removed in retaliation for whistleblowing. The administrative judge dismissed Mr. Sabersky's appeal for lack of jurisdiction, concluding that Mr. Sabersky had failed to present nonfrivolous allegations of whistleblowing. Noting that the Whistleblower Protection Act protects only specific and detailed disclosures, the administrative judge stated that "[g]eneral allegations do not support a finding of a protected disclosure." Because the administrative judge concluded that "[a]ppellant's amorphous and unspecific allegations in this case do not establish the jurisdictional prerequisites," he dismissed the appeal. Mr. Sabersky then appealed to the full Board.

On March 25, 2002, the full Board denied Mr. Sabersky's petition for review, reopened his appeal on its own motion, and dismissed the appeal as barred by res judicata. The Board found that "the appellant had an opportunity to raise his retaliation claim when he first challenged his removal in 2000 ... and his failure to do so does not entitle him to bring a second appeal based on the same removal." The Board concluded that its final order from the first appeal precluded Mr. Sabersky "from now challenging the same personnel action under a new legal theo-

ry." Acknowledging that the government did not raise the issue of res judicata, the Board determined that it had the authority to raise the issue *sua sponte* because it was "on notice that the Board had previously adjudicated the propriety of the appellant's removal." Mr. Sabersky now petitions this court for review.

## DISCUSSION

■ We have reviewed Mr. Sabersky's submissions to this court and find them largely unintelligible and inapposite to the issues at hand. However, Mr. Sabersky does state, albeit in conclusory fashion, that the Board erred by dismissing his appeal as barred by res judicata even though the government had not argued for dismissal on that ground. We conclude that it was error for the Board to raise the issue of res judicata *sua sponte*. We further conclude, however, that the Board's error in this regard was harmless, and we therefore affirm the Board's decision dismissing the appeal.

The application of the doctrine of res judicata is a matter of law that we review de novo. *United Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1342–43 (Fed.Cir.1999). Under that doctrine, a final judgment on the merits prevents the same parties from relitigating claims or issues that were or could have been raised in a prior proceeding. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1380 (Fed.Cir.2002). A whistleblower claim can be raised in an employee's challenge to a removal action. *See* 5 C.F.R. § 1209.2(b). Like other defenses, the failure to raise a whistleblower claim as a defense in the original removal appeal ordinarily bars the employee from raising it in a subsequent challenge to the removal. *Cf. Spears v. Merit Sys. Prot. Bd.*, 766

F.2d 520, 523 (Fed.Cir.1985) ("Having previously appealed her removal to the Merit Systems Protection Board on nondiscrimination grounds and lost, Spears is barred by res judicata from subsequently challenging her termination on the allegation of discrimination.").

The problem with the Board's invocation of res judicata is that the government did not raise the issue before the Board; instead, the Board raised the issue *sua sponte*. The Supreme Court has explained that tribunals normally should not base their decisions on res judicata if the parties have not raised that issue, although the Court has noted that a *sua sponte* finding of res judicata "might be appropriate in special circumstances." *Arizona v. California*, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000). "Most notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised.'" *Id.* The Court further stated, however, that "[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication." *Id.* at 412–13. We have likewise held that the Merit Systems Protection Board should not invoke res judicata *sua sponte* when the Board has not ruled on the same issue in the prior appeal. *See Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1381 (Fed.Cir.2002) ("While the challenge to the regulation 'could have been raised,' in fact it was not and the Board did not actually decide the question of the validity of [the regulation] in the first appeal. Because the Navy failed to affirmatively plead, and thus waived, the res judicata defense, and because the Board had not actually ruled on the issue in the previous litigation, we find the 'special circumstances' needed to justify the Board's *sua sponte* finding of res judicata absent....").

In this case, the Board found that this appeal presented the requisite special circumstances for a *sua sponte* dismissal and sought to distinguish *Stearn*. The Board stated that "[u]nlike in *Stearn*, in which the court was asked to decide a purely legal question which had not been considered before, here the appellant essentially seeks a readjudication of his removal, clothed in a new legal theory. The same [administrative judge] heard both appeals, and was therefore on notice that the Board had previously adjudicated the propriety of the appellant's removal." The government advances essentially the same argument on appeal, contending that "[t]he board correctly found that Mr. Sabersky did not present, for example, a purely legal question, or challenge the validity of a regulation.... Instead, Mr. Sabersky was essentially seeking merely to relitigate the facts and circumstances underlying his removal, his intention to present a new legal theory notwithstanding." We conclude, however, that the requisite special circumstances were not present in this case.

First, the Board characterizes the issue decided by the Board in the initial appeal too broadly. The Board indicates that the issue decided was the propriety of Mr. Sabersky's removal. However, the issue actually decided in the initial appeal was whether preponderant evidence supported the agency's conclusion that Mr. Sabersky was insubordinate and whether his conduct justified his removal. In contrast, the determinative issues with respect to a whistleblowing claim include whether the appellant made a protected disclosure as defined by 5 U.S.C. § 2302(b)(8) and whether the disclosure was a contributing factor in the agency's personnel action. *See* 5 U.S.C. § 1221(e)(1); *Kewley v. Dep't of Health and Human Servs.*, 153 F.3d

1357, 1361 (Fed.Cir.1998). Neither of those issues was decided in Mr. Sabersky's initial appeal. It is not sufficient that the administrative judge in the initial appeal found "that the agency has supported its charge by preponderant evidence" and "that appellant was insubordinate, as charged, and that his insubordination resulted in his being dismissed from the training academy." The judge reviewed the evidence only for a preponderance of evidence, but there is a different burden of proof in a whistleblowing case once a disclosure is found to be a contributing factor to the adverse action in question. In that situation, the burden of proof shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *See* 5 U.S.C. § 1221(e); *Kewley*, 153 F.3d at 1361. Accordingly, we conclude that the issues in this whistleblower appeal were not decided in the previous litigation before the Board.

Second, we do not believe that *Arizona* and *Stearn* were limited to purely legal questions, as the Board suggested. Rather, the Supreme Court, focusing on the "avoidance of unnecessary judicial waste," sought to prevent "the prospect of redoing a matter once decided." *Arizona*, 530 U.S. at 394–95. That matter could be either a factual issue or a pure issue of law, but if the issue was not actually decided in the previous appeal, the policy of avoiding "redoing a matter" would not be served. In this case, as previously discussed, the Board's resources were not expended in the first appeal on the issues that were presented by the second.

■ While we hold that the Board erred in ruling on the res judicata issue without hearing from the parties, we further conclude that the Board's error was harmless under the circumstances of this case, and we therefore affirm the Board's decision dismissing the appeal. Although Mr. Sabersky contends that the Board erred by addressing the res judicata issue *sua sponte*, there is no hint in any of his various filings in this court as to how the Board's procedural error prejudiced him. He does not suggest how the case might have been resolved differently if the government had raised the res judicata issue before the Board and he had had an opportunity contest the applicability of res judicata to his case. Nor does he suggest any argument he might have made to the Board to show that res judicata should not apply to this case. In fact, this case presents what appears to be a straightforward application of the doctrine of res judicata, and it is difficult to imagine how a finding of res judicata could be avoided on the facts presented here.

In his second appeal, Mr. Sabersky sought the same relief as in the first: reversal of his removal action. The underlying claim, that he was improperly removed, was the same in both appeals, and the first appeal clearly raised and decided that issue against him. In his second appeal, he sought relief from the same decision on a different theory. His theory that he was removed because of prior acts of whistleblowing was presumably available to him at the time he filed his first appeal, and he does not suggest that there was any reason he could not have raised his whistleblower claim at the time he filed his initial appeal. Accordingly, Mr. Sabersky has failed to give us any reason to believe that the Board might have reached a different conclusion as to the res judicata issue if the government had raised the issue before the Board. Accordingly, this is an appropriate case in which to apply the principle, set forth in 28 U.S.C. § 2111, that in any appeal, a court of appeals "shall give judgment after an examination of the record without regard to errors or

defects which do not affect the substantial rights of the parties." *See Giove v. Dep't of Transp.*, 230 F.3d 1333, 1338–39 (Fed. Cir.2000). Because we are fully persuaded that the Board's error in addressing the res judicata issue *sua sponte* did not affect Mr. Sabersky's substantial rights, we affirm the Board's ruling dismissing Mr. Sabersky's appeal.