# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROOSEVELT KEYES, JR., <br>          Appellant, | DOCKET NUMBER <br> SF-1221-15-0030-W-1 |
| v. | |
| DEPARTMENT OF VETERANS <br>     AFFAIRS, <br>          Agency. | DATE: March 27, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Roosevelt Keyes, Jr.</u>, Belmont, California, pro se.

<u>Barbara Ann T. Konno</u>, Esquire, Palo Alto, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which relied on res judicata to dismiss the appeal of his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant held the position of Nursing Assistant at an agency health care facility in Palo Alto, California. *See* Initial Appeal File (IAF), Tab 1 at 9. In 2005, the agency removed him for excessive absence. *Id*. The appellant submitted a timely appeal to the Board, but the administrative judge affirmed the removal. *See Keyes v. Department of Veteran Affairs*, MSPB Docket No. SF-0752-05-0805-I-1 (0805), Initial Decision (Oct. 28, 2005). Because the appellant did not file a petition for review, the administrative judge's initial decision became the final decision. *See id*. at 6.

¶3      In 2007, the appellant appealed his removal a second time. *See Keyes v. Department of Veteran Affairs*, MSPB Docket No. SF-1221-08-0164-W-1 (0164), Initial Decision (Jan. 15, 2008). He filed that appeal as an individual right of action (IRA), alleging that his removal was the result of whistleblower retaliation. *See id*. at 3. The administrative judge dismissed the appeal based upon res judicata, and the Board affirmed that decision on review. *Id*. at 4; 0164, Final Order (May 16, 2008).

¶4 In October 2014, the appellant filed the instant IRA appeal, again alleging that his 2005 removal was the result of whistleblower retaliation.[2] IAF, Tab 1 at 3; *see also id*. at 4-8 (correspondence between the appellant and OSC regarding the alleged disclosure and the alleged retaliatory termination in 2005). The administrative judge issued an acknowledgment order, instructing the appellant to file argument and evidence as to why his appeal should not be dismissed for res judicata. IAF, Tab 2 at 2. Both parties responded. IAF, Tabs 5, 7.

¶5 The administrative judge dismissed the IRA appeal currently before us based upon res judicata.[3] ID at 1. The appellant has filed a petition for review. PFR File, Tab 1. The agency has filed a response, and the appellant has filed a reply. PFR File, Tabs 3-4.

¶6 In his petition, the appellant failed to present any substantive argument regarding res judicata. Instead, he presented further argument regarding the merits of his removal. *See* PFR File, Tab 1. The appellant only addressed res

---

[2] The appellant initiated a whistleblower complaint with the Office of Special Counsel (OSC). In its July 30, 2014 close out letter, OSC recognized that "the Board's prior action on your claims related to your termination and your allegations of retaliation and reprisal to that termination," thereby barring OSC from taking any action on claims made in the 2014 complaint. OSC also concluded that the doctrine of laches similarly precluded it from taking corrective action on his claim. IAF, Tab 8, Initial Decision (ID).

[3] With his appeal, the appellant submitted documentation that suggests that he is once again employed with the agency. *See* IAF, Tab 1 at 15-20. The documentation includes counseling and a direct order, dated August 2014. *Id*. at 15-17. The administrative judge found that, to the extent that the appellant may be attempting to appeal those matters, he is barred from seeking the Board's review at this time because he failed to show that he first exhausted his remedies before OSC. ID at 4; *see Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 25 (2013) (in an IRA appeal, the appellant first must prove that the Board has jurisdiction over the appeal by proving, inter alia, that he exhausted his administrative remedies before OSC). However, the appellant's petition makes clear that he did not intend to appeal those matters in this case. *See* Petition for Review (PFR) File, Tab 1 at 3 ("I will be dealing with that [August 2014 matter] soon as well on another level"), Tab 4 at 2 ("I will deal with the situation that occurred in Aug[ust] 2014 when I get finished with this"). Therefore, we will not address the issue.

judicata in his reply, stating that the doctrine should not apply because it was "based on lies and corrupt practices." PFR File, Tab 4 at 1.

¶7 Under the doctrine of res judicata, a valid, final judgment on the merits by a tribunal of competent jurisdiction bars a party from relitigating, in a second action, matters that were or could have been raised in the prior action. *Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶ 7 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003). Thus, res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *See Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).

¶8 The appellant in *Sabersky* appealed his removal to the Board. *See Sabersky*, 91 M.S.P.R. 210, ¶ 2. After the administrative judge sustained the removal and that decision became final, the appellant in *Sabersky* filed an IRA appeal, alleging that the real reason for his removal was retaliation for whistleblowing. *Id.*, ¶ 3. The Board concluded that this second appeal was precluded by res judicata. *Id.*, ¶¶ 7-8. The Board reasoned that, when the appellant in *Sabersky* previously appealed his removal, he had the opportunity to also challenge the removal based upon whistleblower retaliation, so he was precluded from asserting that new legal theory in a second appeal of the same personnel action. *Id.*, ¶ 8. Therefore, his IRA appeal was dismissed. *Id.*, ¶ 11.

¶9 The facts of this case are similar to those of *Sabersky*, and a similar result is warranted. The appellant first appealed his removal in 2005. *See* 0805, Initial Decision. The judgment, affirming his removal, was rendered by a forum with competent jurisdiction, the Board. *See* 5 U.S.C. §§ 7701(a), 7512(1). In addition, the decision became a final judgment on the merits after the appellant failed to file a timely petition for review. *See* 0805, Initial Decision at 6. Finally, the same cause of action, the appellant's removal, and the same parties, the appellant

and the Department of Veterans Affairs, were involved in both the initial appeal and the appeal currently before us. *Compare* 0805, Initial Decision, *with* IAF, Tab 1. Accordingly, the administrative judge properly found that res judicata precludes this, the appellant's third appeal of his 2005 removal, even if he has new legal theories of improper discrimination or retaliation.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

   If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

   If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.