**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VALENTINA B. CRUZ, | DOCKET NUMBER |
| Appellant, | SF-0831-18-0400-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: March 26, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles</u>, Zambales, Philippines, for the appellant.

<u>Angerlia D. Johnson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that dismissed her appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we MODIFY the initial decision to DISMISS this appeal as barred by the doctrine of res judicata.

On review, the appellant contests the initial decision in which the administrative judge dismissed her appeal of the agency's reconsideration decision denying her request for a survivor annuity under the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 12, Initial Decision (ID); Petition for Review (PFR) File, Tab 1.[2] In the initial decision, the administrative judge found that res judicata barred the appeal on jurisdictional grounds because the issue of the appellant's eligibility for a CSRS survivor annuity was resolved in a prior Board appeal. ID at 1-3, 6-8. In the prior appeal, the Board held that the agency properly determined that the appellant's late husband's Federal service did not make him eligible for benefits under the CSRS. *Cruz v. Office of Personnel Management*, 8 M.S.P.R. 93 (1981).

We agree with the administrative judge that Board review of the appellant's claim contesting the agency's decision finding her ineligible for a survivor

---

[2] The initial decision was sent via the mail on July 12, 2018, to the appellant and her representative in the Philippines. IAF, Tab 13. The appellant claimed that she received the initial decision on August 17, 2018. PFR File, Tab 3 at 1. The appellant's petition for review was postmarked from the Philippines on August 23, 2018, and received by the Board on September 18, 2018. PFR File, Tab 1, Tab 2 at 1. The Board has recognized frequent mail service delays between the continental United States and the Philippines. *See Rosales v. Office of Personnel Management*, 41 M.S.P.R. 590, 592 (1989). In light of the finding on res judicata, we need not address any timeliness issue regarding the appellant's filing of her petition for review.

annuity under the CSRS is precluded by res judicata.  Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  This prevents parties from relitigating claims that were or could have been raised in the previous action.  *Federated Department Stores, Inc.*, 452 U.S. at 398; *Peartree*, 66 M.S.P.R. at 337.  Res judicata applies when (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was final and on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006); *Peartree*, 66 M.S.P.R. at 337.

The appellant's claim here centers on whether her late husband was eligible for CSRS benefits based on his Federal service in the Republic of the Philippines, as she is not eligible for a CSRS survivor annuity if her husband was never eligible for CSRS benefits.  *See Lapenas v. Office of Personnel Management*, 44 M.S.P.R. 303, 307 (1990) (outlining that a survivor annuity is only payable if the spouse is eligible for CSRS benefits based on his Federal service).  The appellant's deceased husband's ineligibility for CSRS retirement benefits, and by direct implication the appellant's ineligibility for a survivor annuity, was already determined by the Board, a forum with competent jurisdiction, through a final decision on the merits in *Cruz v. Office of Personnel Management*, 8 M.S.P.R. 93 (1981).  Because the appellant's late husband was the party in the previous appeal, the appellant was a privity to that action.[3]  In addition, any arguments on

---

[3] "Privity" refers to the relationship between two or more persons such that a judgment involving one of them may justly be conclusive upon the others, although those others were not a party to the lawsuit.  *Fabros v. Office of Personnel Management*, 85 M.S.P.R. 400, ¶ 2 n.2 (2000).  The Board has found that a petitioning party seeking a survivor annuity was in privity with her spouse, such that a negative determination in the spouse's previous appeal concerning his annuity constituted a conclusive determination as to an entitlement to a survivor annuity based on the spouse's service. *Navarro v. Office of Personnel Management*, 105 M.S.P.R. 278, ¶ 5 (2007), *aff'd*,

the claim advanced by the appellant in this appeal were raised or could have been raised in the previous Board appeal pursued by her late husband. Therefore, res judicata applies and serves as the correct basis to dismiss this appeal. *See Martinez v. U.S. Postal Service*, 88 M.S.P.R. 356, ¶ 6 (2001) (dismissing an appeal as barred by the doctrine of res judicata).

However, the administrative judge did err by dismissing this appeal for lack of jurisdiction because res judicata is not a basis to dismiss an appeal for lack of jurisdiction. *Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 15 (2009); *Martinez*, 88 M.S.P.R. 356, ¶ 6; ID at 1. Rather, res judicata is a basis to dismiss an appeal over which the Board has jurisdiction. *Hicks v. U.S. Postal Service*, 83 M.S.P.R. 599, ¶ 12 (1999). As such, we modify the initial decision to dismiss this appeal as barred by the doctrine of res judicata.

On review, the appellant argues that the administrative judge should not have applied res judicata to her appeal because the agency's reconsideration decision did not mention the issue. PFR File, Tab 1 at 1. The agency did however state in its pleading to the Board that the question of whether the appellant's spouse was eligible for benefits under the CSRS, the central issue in this case, was determined in the 1981 Board appeal. IAF, Tab 7 at 7. Notwithstanding, the Board may raise the issue of res judicata sua sponte. *Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶ 9 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003). Further, before issuing the initial decision in this case, the administrative judge apprised the appellant of the res judicata issue and provided her with an opportunity to present argument and evidence on the matter, and the appellant did so. IAF, Tab 9 at 3, Tab 11. Therefore, this argument does not serve as a basis to disturb the overall conclusion in this appeal.

Lastly, the appellant's additional contentions on review are mere restatements of the arguments that she set forth before the administrative judge.

---

252 F. App'x. 316 (Fed. Cir. 2007) (Table). In this case, the appellant and Mr. Cruz were married during the adjudication of his Board appeal. IAF, Tab 7 at 33.

PFR File, Tab 1 at 1. None of these relate to the dispositive issue of res judicata nor do they provide sufficient reasoning to overturn the initial decision. *See Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991) (holding that mere reargument of the same issues heard and decided by the administrative judge, with nothing more, does not constitute a basis to grant a petition for review), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.