**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RORY C. FLYNN,<br>                Appellant,<br><br>        v.<br><br>SECURITIES AND EXCHANGE<br>    COMMISSION,<br>                Agency. | DOCKET NUMBER<br>DC-1221-20-0215-W-3<br><br><br>DATE: November 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bruce Bettigole</u>, New York, New York, for the appellant.

<u>Laura Walker</u> and <u>James V. Blair</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as barred by the doctrine of res judicata. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the initial decision and DISMISS the appeal based on adjudicatory efficiency.

## BACKGROUND

¶2 The Securities and Exchange Commission (Commission) appointed the appellant to the position of Associate General Counsel (Adjudication) in its Office of General Counsel (OGC) effective August 12, 2012, subject to a 2-year trial period. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-W-1 (1124 IRA Appeal), Appeal File (1124-W-1 IAF), Tab 27 at 5. On May 6, 2013, the agency terminated the appellant during his trial period, citing poor performance, lack of professional judgment, and an inability to work cooperatively with senior-level managers. 1124-W-1 IAF, Tab 16 at 23, 25-27.

¶3 As Associate General Counsel, the appellant headed OGC's Adjudication Practice Group, which drafted decisions on appeals to the Commission from decisions issued by the Commission's administrative law judges and by self-regulatory organizations. 1124-W-1 IAF, May 19, 2015 Hearing Transcript (5/19/15 HT) at 24, 41-43, 70 (testimony of the appellant).[2] The Commission's

---

[2] The hearing transcript is in a condensed format such that four pages of transcript appear on each page. To avoid confusion and to be consistent with the administrative

regulation at 17 C.F.R. § 201.900, also known as "Rule 900," provides guidance for these appeals. A portion of the regulation, referenced to here as Rule 900(a), provides "[g]uidelines for timely completion of proceedings." 17 C.F.R. § 201.900(a)(1)(iii) (2015).[3] Another portion of the regulation, referred to here as Rule 900(b), provides for "[r]eports to the Commission on pending cases," (also known as "900(b) reports"). 17 C.F.R. § 201.900(b) (2015). This portion of the regulation directs that OGC submit "confidential status reports" regarding "adjudicatory proceedings" to the Commission. *Id.* For matters not concluded within 30 days of the deadlines set forth in Rule 900(a), OGC "shall specifically apprise the Commission of that fact, and shall describe the procedural posture of the case, project an estimated date for conclusion . . . , and provide such other information as is necessary to enable the Commission to determine whether additional steps are necessary to reach a fair and timely resolution of the matter." *Id.*

¶4      After holding the appellant's requested hearing, the administrative judge issued an initial decision in the 1124 IRA Appeal, denying the appellant's request for corrective action. 1124-W-1 IAF, Tab 128, Initial Decision at 1, 15 (1124-W-1 ID). He found that the appellant did not meet his burden to prove his prima facie case of whistleblower reprisal by preponderant evidence because he did not prove that his disclosures were protected as possible allegations of a violation of law, rule or regulation, or gross mismanagement. *Id.* at 6-16. Rather, he found that the appellant disputed the agency's policy decision not to comply with what he concluded were discretionary guidelines in Rule 900. *Id.* at 14-15. The

judge's initial decision, we have cited to the page numbers assigned by the court reporter and not the Board's numerical pagination.

[3] The current version of Rule 900 became effective on September 27, 2016. Amendments to the Commission's Rules of Practice, 81 Fed. Reg. 50,212-01, 50,241-42 (July 9, 2016) (codified at 17 C.F.R. § 201.900). The current version of Rule 900(a)(1) (iii) contains different timeframes, i.e., 8 and 10 months from the completion of briefing, for timely completion of proceedings. Accordingly, all citations to "Rule 900" refer to the earlier version of the rule that was in place at the time of the events giving rise to this case. *See* 17 C.F.R. § 201.900 (2015).

appellant filed a petition for review of the initial decision, but the two Board members could not agree on the disposition of the petition and the initial decision therefore became the final decision of the Board. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-W-1, Order (Sept. 1, 2016).

¶5    The appellant then sought review of the Board's final decision in the 1124 IRA Appeal in the U.S. Court of Appeals for the Fourth Circuit (Fourth Circuit). In December 2017, the Fourth Circuit issued a decision affirming the Board's finding that the appellant's disclosures alleging violations of the agency's Rule 900(a) were not protected. *Flynn v. Securities & Exchange Commission*, 877 F.3d 200, 205-06 (4th Cir. 2017). It also found that the appellant had waived his claim that violation of Rule 900(a) evidenced gross mismanagement. *Id.* at 206 n. 3. However, because the court found that the Board failed to fully consider whether the appellant made protected disclosures alleging violations of Rule 900(b), it remanded the 1124 IRA Appeal to the Board for further consideration of whether the appellant's Rule 900(b) disclosures were protected. *Id.* at 207-08.

¶6    While his 1124 IRA Appeal was pending before the Board, on December 6, 2019, the appellant filed the instant IRA appeal. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-20-0215-W-1, Initial Appeal File (0215-W-1 IAF), Tab 1. In this second IRA appeal, the appellant alleged that the agency terminated him during his probationary period because he disclosed that the agency violated a 2003 policy memorandum that the Commission issued to the agency's then-General Counsel, G.P., (referred to interchangeably as the "2003 Policy Memorandum" or the "G.P. Memorandum"), which was itself a "rule" within the meaning of section 2302(b)(8)(A)(i). *Id.* at 52-54. He also alleged that he reasonably believed that the agency's failure to comply with Rule 900 and its related procedures evidenced gross mismanagement. *Id.* at 54-58.

¶7    The administrative judge notified the appellant of his burden to establish jurisdiction over his IRA appeal. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-20-0215-W-2, Initial Appeal File (0215-W-2 AF),

Tab 5 at 2-8. The agency then moved to dismiss the instant appeal as barred by the doctrine of res judicata, or alternatively by the doctrine of collateral estoppel. 0215-W-2 AF, Tab 31 at 8 n.3. Because the administrative judge determined that his decision in the appellant's 1124 IRA Appeal may be relevant to the issues raised in the instant appeal, he dismissed the instant appeal without prejudice and notified the parties that he would issue his decision in the instant appeal after issuing his initial decision in the 1124 IRA Appeal. 0215-W-2 AF, Tab 40, Initial Decision. The administrative judge then issued an initial decision in the appellant's 1124 IRA Appeal, denying the appellant corrective action based on his finding that the appellant failed to establish that his disclosures concerning Rule 900(b) violations were protected. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-5, Appeal File (1124-M-5 AF), Tab 13, Initial Decision (1124-M-5 ID) at 27-37. The appellant then filed a petition for review of the initial decision, and the Board has issued a separate decision in that matter. 1124-M-5 Petition for Review (PFR) File, Tab 1; *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-5, Remand Order (Nov. 14, 2024).

¶8      After the instant appeal was refiled, the administrative judge issued an initial decision granting the agency's motion and dismissing the appeal as barred by the doctrine of res judicata. *Flynn v. Securities & Exchange Commission*, MSPB Docket No. DC-1221-20-0215-W-3, Appeal File (0215-W-3 AF), Tab 4, Initial Decision (ID) at 1, 13. In so finding, he determined that the instant appeal is an identical cause of action with the same parties as the appellant's 1124 IRA Appeal because the appellant here alleged that his termination was retaliation for disclosing violations of the G.P. Memorandum, which the appellant alleged in his 1124 IRA Appeal formed the basis of the agency's obligations under Rule 900(a). ID at 9-11. Moreover, he found that because the Board and the Fourth Circuit found on the merits that the appellant failed to establish that his disclosures of

Rule 900(a) violations were protected, those determinations constituted final judgments on the merits. ID at 10-13.

¶9    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has filed a reply. PFR File, Tabs 4-5. The appellant has also filed a motion for leave to request a status report, or alternatively a decision on his petition for review. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We find it appropriate to dismiss the appeal on the grounds of adjudicatory efficiency.</u>

¶10    On review, the appellant challenges the administrative judge's finding that his claim that his termination was retaliation for disclosing violations of the G.P. Memorandum is barred by the doctrine of res judicata. PFR File, Tab 1 at 38-42. The agency argues that the administrative judge correctly found that the appellant's claim is barred by res judicata; however, in the alternative, it reargues that the appellant's claim is also barred by the doctrine of collateral estoppel. PFR File, Tab 4 at 12-13. For the reasons provided below, we find that neither doctrine applies here, and instead find it appropriate to dismiss this appeal on the grounds of adjudicatory efficiency.

*This appeal is not barred by res judicata or collateral estoppel.*

¶11    Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). The Board's regulations define the issue before the Board in an IRA appeal, or the cause of action, as whether the appellant has demonstrated that whistleblowing or other protected activity was a

contributing factor in one or more covered personnel actions and, if so, whether the agency has demonstrated by clear and convincing evidence that it would have taken the same personnel action(s) in the absence of such whistleblowing or protected activity. 5 C.F.R. § 1209.2(c). The Board has held that generally an individual who appeals his removal directly to the Board is barred by res judicata from bringing, after exhausting his administrative remedies, a second whistleblower appeal challenging the same removal action. *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 13 (2009); *see Sabersky v. Department of Justice,* 91 M.S.P.R. 210, ¶¶ 2-3, 7-8 (2002) (finding that an individual who appeals his removal directly to the Board is barred by res judicata from bringing, after exhausting the OSC process, an IRA appeal alleging that the same removal action was motivated by whistleblower reprisal), *aff'd per curiam*, 61 Fed. Appx. 676 (Fed. Cir. 2003). Thus, the cause of action, or personnel action, at issue in both the appellant's IRA appeals is his probationary removal.

¶12 As the administrative judge noted, in the appellant's 1124 IRA Appeal, he alleged that he was removed in retaliation for his protected disclosures of Rule 900(a) and (b) violations. ID at 2. In the instant appeal, the appellant alleged that he was removed in retaliation for his protected disclosures of violations of the G.P. Memorandum. ID at 5. The administrative judge found that the cause of action in both appeals was identical because both concerned his removal and the appellant alleged in his 1124 IRA Appeal that the G.P. Memorandum formed the basis of the agency's obligations under Rule 900(a). ID at 9-11. He concluded that because the first administrative judge's initial decision found that the appellant's Rule 900(a) and (b) disclosures were not protected on the merits, after which that decision became the Board's final decision, and because the U.S. Court of Appeals for the Fourth Circuit affirmed the finding as to the Rule 900(a) disclosures, then a final judgment on the same cause of action had been rendered on the merits. ID at 10-11; *Flynn*, 877 F.3d at 205; *Flynn*, 123 M.S.P.R. 559, ¶ 1 (2016); 1124-M-4 AF, Tab 20,

Order at 5 (Mar. 31, 2022). We disagree. As explained above, although the Fourth Circuit affirmed the issue that the appellant's Rule 900(a) disclosures were not protected on the merits, it ultimately remanded the 1124 IRA Appeal for a determination of whether the appellant proved by preponderant evidence that he made protected disclosures concerning the agency's violation of Rule 900(b), and if so, whether the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his disclosures. *Flynn*, 877 F.3d at 207-08. Because res judicata requires a final decision on the merits, the doctrine will not apply if the prior decision was remanded for further adjudication and thus has not yet become final. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).

¶13      Following remand proceedings, the administrative judge issued an initial decision in July 2023 denying corrective action based on the appellant's failure to establish that his disclosures concerning the agency's violation of Rule 900(b) were protected. 1124-M-5 ID at 37. The appellant then timely filed a petition for review of that initial decision. 1124-M-5 PFR File, Tab 1. Thus, although at the time the administrative judge issued the instant initial decision in November 2023 he had already issued the initial decision in appellant's 1124 IRA Appeal in July 2023, the appellant's petition for review of that appeal was still pending before the Board, and thus it was not a final judgment as to the appellant's removal cause of action. *See* 5 C.F.R. § 1201.113(c) (providing that an initial decision is not a final decision if a petition for review is timely filed). Thus, the administrative judge erred in applying res judicata. *See McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 11 (2005) (holding that when an appellant files an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued, but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of administrative efficiency, not on the grounds of collateral estoppel or res judicata).

¶14 Moreover, we issued a Remand Order in the 1124 IRA Appeal, vacating the administrative judge's finding that the appellant did not establish that his disclosures of Rule 900(b) violations were protected, and remanding the appeal for a determination of whether the agency proved by clear and convincing evidence that it would have removed the appellant in the absence of his disclosures. Thus, because a final determination on the appellant's same removal cause of action has not been made, the doctrine of res judicata still does not apply here. For this same reason, collateral estoppel would not apply to bar the instant action. *See Wade v. Department of the Air Force*, 70 M.S.P.R. 396, 398 (holding that collateral estoppel may only be applied when there is a final judgment in the previous litigation), *aff'd*, 104 F.3d 375 (Fed. Cir. 1996) (Table). Nevertheless, we find it appropriate to dismiss this appeal based on adjudicatory efficiency.

*We dismiss the appeal on grounds of adjudicatory efficiency.*

¶15 When an appellant files an appeal that raises the same claims raised in an earlier appeal before the decision in the earlier appeal has become final, the Board may dismiss the subsequent claims based upon adjudicatory efficiency. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013); *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006) (same), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007). Appeals may be dismissed in the interest of adjudicatory efficiency when an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990). Thus, the remaining issue is whether the appellant's two IRA appeals raise the same claims. We find that they do.

¶16 The administrative judge found that the appellant's allegation that his disclosure of alleged violations of Rule 900(a) in his 1124 IRA Appeal was identical to his allegation that he disclosed violations of the G.P. Memorandum in this appeal because in his 1124 IRA Appeal the appellant claimed that the case processing requirements described in the G.P. Memorandum formed the basis of the agency's obligations under Rule 900(a). ID at 9-10. As mentioned above, in

the 1124 IRA Appeal the Board and the Fourth Circuit determined that the appellant's disclosures that the agency violated Rule 900(a) by not issuing decisions within the stated timeframes were not protected because the timeframes were merely discretionary guidelines. 1124-W-1 ID at 13-16; *Flynn*, 877 F.3d at 205-06. On review, the appellant challenges the administrative judge's finding below, arguing that the G.P. Memorandum "imposed mandatory obligations" that "augment all of Rule 900, not just subsection (a)," and therefore, his disclosures are not identical to his Rule 900(a) disclosures. PFR File, Tab 1 at 39. We agree with the administrative judge that the appellant's claim that the agency violated the G.P. Memorandum is the same as his claim that the agency violated Rule 900(a). For instance, Rule 900(a) contains "[g]uidelines for timely completion of proceedings," and the entire G.P. Memorandum discusses those timeframes. The Memorandum states that in order to "complement" those Rule 900(a) timeframes the Commission proposed "changes [that] must be made to internal procedures to reduce the time for issuance of decisions," including shortening the time periods it provided to parties to brief an appeal, establishing deadlines for OGC to submit the draft decision to the Commission, and imposing a deadline on the Commission for issuing a final decision. 0215-W-1 IAF, Tab 1 at 82-85; 17 C.F.R. § 201.900(a)(1)(iii) (2015). In the 1124 IRA Appeal, in support of his claim that Rule 900(a)'s timelines were mandatory, the appellant testified that the G.P. Memorandum dictated current procedure under Rule 900(a) and that it showed the Commission intended to move to mandatory deadlines after the rule was amended in 2003. HT 5/19/2015 at 119-128 (testimony of the appellant). For instance, in October 2012, when the appellant first made his alleged disclosures to the Deputy General Counsel concerning the agency's violations of Rule 900(a)'s case processing timeframes, he attached the G.P. Memorandum to his communication. 0215-W-1 IAF, Tab 89 at 36-40.

¶17 The appellant reargues on review that the G.P. Memorandum was not considered in his 1124 IRA Appeal by the first administrative judge or by the

Fourth Circuit. 0215-W-3 ID at 12-13; PFR File, Tab 1 at 41-42. However, we agree with the administrative judge that the first administrative judge considered the appellant's reliance on the G.P. Memorandum and implicitly found that the agency had stopped following it sometime prior to the events at issue in this appeal. 1124-W-1 ID at 8-11; 1124-W-1 IAF, May 20, 2015 Hearing Transcript (5/20/15 HT) pt. 2 at 71 (testimony of the Deputy General Counsel);[4] 1124-W-1 IAF, July 1, 2015 Hearing Transcript (7/1/15 HT) at 207-08 (testimony of K.K.) at 267-68 (testimony of B.P.). Thus, we agree with the administrative judge's finding that the issue here is identical to that involved in the appellant's 1124 IRA Appeal. Accordingly, we find it appropriate to dismiss this appeal on grounds of adjudicatory efficiency.[5]

¶18 Lastly, the appellant reraises his Appointments Clause and separation of powers claims regarding the authority of the administrative judge. PFR File, Tab 1 at 6, 14, 31-34. In the 1124 IRA Appeal, we acknowledged the appellant's arguments concerning these constitutional claims and declined to revisit them on grounds that they were decided in the Board's interlocutory decision. *Flynn v. Securities & Exchange Commission*, 2022 WL 985827, ¶¶ 10-12. Accordingly, we decline to consider these claims further.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] The transcript of the testimony from May 20, 2015, consists of two parts, both containing the same pagination and located in the same tab of the record. Here, we have cited to part 2 (pt. 2).

[5] Based on our decision that res judicata does not apply, we need not consider the appellant's argument that the agency is judicially estopped from asserting res judicata in this appeal. PFR File, Tab 1 at 36-38. Additionally, the appellant's motion for a status report or a decision on the petition for review is denied.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    Gina K. Grippando

                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.