**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LIBBY A. DEMERY,
                Appellant,

       v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
DC-3443-24-0105-I-1

DATE: September 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Libby A. Demery, Clinton, Maryland, pro se.

Russell Niemyer, Raleigh, North Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction without holding her requested hearing. On petition for review, the appellant argues, among other things, that the administrative judge made numerous legal and factual errors and should be recused for changing the docket number, she failed to properly analyze her

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Veterans Employment Opportunities Act of 1998 (VEOA) claim, the agency's actions were based on age discrimination and/or constituted prohibited personnel practices or harmful procedural error, and her appeal should be considered timely pursuant to 5 C.F.R. § 1201.154(b). Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that her VEOA claim is barred by res judicata, we AFFIRM the initial decision.[2]

¶2      We have considered the appellant's arguments on review, but none warrant a different outcome. For example, the crux of the appellant's petition for review appears to be the administrative judge's failure to address her claim that the agency violated her veterans' preference rights during the 2010 selection process for the GS-11 Management Analyst position, pursuant to vacancy announcement number NEHT10457276D. PFR File, Tab 1 at 4-9. The administrative judge noted below that the appellant stated that this appeal is "not a VEOA" appeal, Initial Appeal File (IAF), Tab 4 at 3, Tab 6 at 1, and she therefore did not analyze such a claim in the initial decision, IAF, Tab 9, Initial Decision (ID) at 2 n.1.

---

[2] In light of our disposition of the issues raised in this matter, we need not make findings on the issues of timeliness and/or laches.

However, any adjudicatory error made by the administrative judge in this regard is not prejudicial to the appellant's substantive rights and provides no basis for reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). The appellant's VEOA claim involving her 2010 nonselection, pursuant to vacancy announcement number NEHT10457276D, which she subsequently pursued with the Department of Labor (DOL) (MD-2019-021-VPH), is the same claim that she raised in *Demery v. Department of the Army*, MSPB Docket No. PH-3330-19-0292-I-1. *Compare* IAF, Tab 1 at 6, Tab 4 at 3, Tab 7 at 4-5; PFR File, Tab 1 at 4-9, *with Demery v. Department of the Army*, MSPB Docket No. PH-3330-19-0292-I-1, Initial Decision (July 25, 2019). Following the appellant's petition for review in the 0292 matter, the Board issued a final decision in which it found that it has jurisdiction over the VEOA appeal, but it denied the appellant's request for corrective action because she failed to file a timely DOL complaint. *Demery v. Department of the Army*, MSPB Docket No. PH-3330-19-0292-I-1, Final Order (June 25, 2024).

¶3      Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action, and it precludes parties from relitigating claims that were, or could have been, raised in the prior action, and is applicable if (1) the prior judgment was rendered by a forum with competent jurisdiction, (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). We find that these criteria are satisfied. Accordingly, the appellant's VEOA claim in this matter is barred by res judicata. *See Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶ 9 (2002) (stating that the Board is permitted to raise the issue of res judicata sua sponte), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003).

¶4      The appellant appears to be arguing on review that her Board appeal was timely filed pursuant to 5 C.F.R. § 1201.154(b). PFR File, Tab 1 at 11. This

argument is not persuasive. The regulation at 5 C.F.R. § 1201.154(b) states that an appellant who files an appeal raising issues of prohibited discrimination "in connection with a matter otherwise appealable to the Board" must comply with certain time limits. Here, however, the time limits in 5 C.F.R. § 1201.154(b) are not applicable because the appellant's 2010 nonselection, as described in her pleadings, is not a matter that is otherwise appealable to the Board.

¶5    We are also not persuaded by the appellant's argument that the administrative judge erred by dismissing her appeal for lack of jurisdiction. Regarding the appellant's assertion on review that the agency's actions were due to prohibited age discrimination, were based on prohibited personnel practices, or otherwise constituted harmful procedural error, the Board lacks jurisdiction to hear such claims in the absence of an otherwise appealable action. ID at 4-5; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (holding that, absent an otherwise appealable action, the Board has no jurisdiction to consider claims of discrimination, prohibited personnel practices, and harmful procedural error, among other things); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶6    We have considered the appellant's remaining arguments on review, but none warrants a different outcome. For example, we are not persuaded that recusal is appropriate. *See* 5 C.F.R. § 1201.42. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002)

(quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We see no evidence of such favoritism or antagonism in the record before the administrative judge.

¶7     Finally, the appellant has filed a motion for leave to file an additional pleading. PFR File, Tab 4. We deny this motion because it does not warrant a different outcome on the issues before us.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.