**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LYNETTE LEWIS,
               Appellant,

       v.

SOCIAL SECURITY
    ADMINISTRATION,
              Agency.

DOCKET NUMBER
PH-1221-20-0085-W-2

DATE: September 30, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Lynette Lewis</u>, Baltimore, Maryland, pro se.

<u>Jennifer Karangelen</u>, Esquire, and <u>Julie Tong</u>, Esquire, Baltimore,
    Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication
of this appeal.

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed without prejudice her individual right of action (IRA) appeal on the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grounds of adjudicatory efficiency. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case for further adjudication in accordance with this Remand Order. We also direct the Board's Northeastern Regional Office to JOIN this case with the appellant's separate IRA appeal that is before that office, *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-19-0060-B-1, because doing so would expedite their processing and not adversely affect the interests of the parties. *See* 5 U.S.C. § 7701(f)(2); 5 C.F.R. § 1201.36(b).

## BACKGROUND

¶2    The appellant was a GS-13 Program Analyst in the agency's Office of Electronic Services and Technology (OEST), Division of Strategic Planning and Customer Engagement. *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-19-0060-W-1 (0060 W-1 AF), Remand Order (0060 W-1 Remand Order), ¶ 2 (Aug. 9, 2024). She filed an IRA appeal on November 14, 2018, alleging that the agency took various personnel actions against her in retaliation for protected disclosures. 0060 W-1 AF, Tab 1 at 1, 3, 15-16; 0060 W-1 Remand Order, ¶ 2. The administrative judge dismissed that appeal for lack of jurisdiction in a July 22, 2019 initial decision. 0060 W-1 AF, Tab 33, Initial Decision. On petition for review of that decision, we vacated the administrative judge's decision and, considering the matters exhausted by the appellant with the Office of Special Counsel (OSC) according to its October 23, 2018 letter, determined that the appellant made nonfrivolous allegations of a protected disclosure and protected activities. Specifically, we found that the appellant made nonfrivolous allegations of a protected disclosure under 5 U.S.C. § 2302(b)(8)(A)(i) when she complained to management about its request to use her .edu email address to obtain free services by masquerading as a student. 0060 W-1 Remand Order, ¶¶ 10-11. We also determined that her alleged disclosure of the same to the agency's Office of the Inspector General (OIG) constituted nonfrivolous

allegations of protected activity under 5 U.S.C. § 2302(b)(9)(C), and the appellant's alleged refusal to provide her .edu email address to management constituted nonfrivolous allegations of protected activity under 5 U.S.C. § 2302(b)(9)(D). *Id.*, ¶ 11. We further found that the appellant made nonfrivolous allegations that the agency failed to take a personnel action when it denied her request for reassignment, and that her disclosures and activities were a contributing factor therein. *Id.*, ¶ 12. Thus, we found jurisdiction over the IRA appeal and remanded the appeal to the regional office for further adjudication. *Id.*, ¶ 15.[2] The appeal is now pending with the Northeastern Regional Office. *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-19-0060-B-1.

¶3 The agency removed the appellant from her position, effective October 11, 2019.[3] *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-20-0085-W-1, Appeal File (0085 W-1 AF), Tab 5 at 24-46. The appellant filed another IRA appeal on December 2, 2019, following a determination letter from OSC dated November 25, 2019. 0085 W-1 AF, Tab 1 at 3, 6. The administrative judge dismissed the IRA appeal without prejudice, 0085 W-1 AF, Tab 10, Initial Decision, and the instant appeal is the appellant's refiling of that appeal, *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-20-0085-W-2, Appeal File (0085 W-2 AF), Tab 2. On November 5, 2020, the administrative judge issued an initial decision dismissing the IRA appeal without prejudice for a second time. 0085 W-2 AF, Tab 13, Initial Decision (0085 W-2 ID). She found

---

[2] The appellant did not request a hearing in that case. However, we determined that the parties were entitled to a reasonable opportunity to file additional evidence and argument on the merits on remand.

[3] The appellant also appealed her removal to the Board under chapter 75, and an administrative judge dismissed her removal appeal with prejudice as a sanction for her repeated failures to obey discovery-related orders. *Lewis v. Social Security Administration*, MSPB Docket No. PH-0752-20-0030-I-1, Initial Appeal File, Tab 13, Initial Decision. We affirmed that decision on August 28, 2024. *Lewis v. Social Security Administration*, MSPB Docket No. PH-0752-20-0030-I-1, Final Order (Aug. 28, 2024).

that the appellant alleged the following two protected disclosures: (1) her reports to management and OIG concerning management's unlawful request to use her .edu email address; and (2) reports to her department that her computer was being accessed illegally. 0085 W-2 ID at 2-3. She found that, at that juncture, the appellant had provided little detail regarding the latter disclosure and, as such, had not made nonfrivolous allegations of a protected disclosure. 0085 W-2 ID at 3. As the former disclosure was identical to one of the disclosures raised in her earlier IRA appeal, the administrative judge determined that a dismissal of the appeal without prejudice was appropriate in the interests of judicial economy, administrative efficiency, and fairness. 0085 W-2 ID at 3-5.

¶4 The appellant has filed a petition for review of that decision. *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-20-0085-W-2, Petition for Review File (0085 W-2 PFR File), Tab 1. The agency has responded in opposition to the appellant's petition for review, 0085 W-2 PFR File, Tab 5, and the appellant has replied to the agency's response, 0085 W-2 PFR File, Tab 6.

## ANALYSIS

¶5 With her petition for review, the appellant has submitted documentary evidence for the first time regarding her allegedly protected disclosure that her computer was being accessed illegally. 0085 W-2 PFR File, Tab 3 at 5, 49-52. The newly submitted evidence shows that, on September 27, 2018, the appellant submitted a service ticket to the Helpdesk reporting that the "OEST Systems LAN Support team" accessed her desktop without her permission and used her mouse to point to things and click on things. *Id.* at 51-52. She stated in the service ticket that this occurred while she was on her break and while she was updating resumes, and that the unauthorized access was a "violation of her rights." *Id.* at 52. The email chain that followed suggests that, at some point, the appellant accused management of being involved in illegally accessing her computer and

copied the email address for SSA's OIG hotline. *Id.* at 50.[4] Furthermore, the appellant highlights in her petition for review that she disclosed the fact that her computer was being accessed illegally to OIG. *Id.* at 5.

¶6      Although the Board ordinarily will not consider evidence or argument submitted for the first time on review unless the party shows that it was unavailable when the record closed below, *see* 5 C.F.R. § 1201.115(d), we exercise our discretion to do so under the circumstances of this case, *see* 5 C.F.R. § 1201.115 (providing that, notwithstanding the regulatory requirements for a petition for review, "the Board reserves the authority to consider any issue in an appeal before it."). The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8, *aff'd*, No. 22-1967 (Fed. Cir. Jul. 7, 2023); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

¶7      We find that the newly submitted evidence constitutes nonfrivolous allegations of protected activity under 5 U.S.C. § 2302(b)(9)(C). Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when she discloses information to the agency's OIG or to OSC "in accordance with applicable provisions of law." *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to OIG or OSC is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law. *Id.* Therefore, we find that the appellant has made nonfrivolous allegations that she

---

[4] The appellant submits an email response to her with a subject line that included "RE: Management Is Illegally Accessing My Computer-Follow Up," and with the email address "OIG.Hotline@ssa.gov" carbon copied.

engaged in protected activity under section 2302(b)(9)(C) around September 2018, when she copied the agency's OIG hotline on her reports that management was illegally accessing her computer. 0085 W-2 PFR File, Tab 3 at 5, 50-52.[5]

¶8     Furthermore, we find that the evidence is sufficient to show that the appellant exhausted this disclosure to OIG with OSC. The substantive requirements of exhaustion are met when an appellant provides OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC or, in the alternative, other sufficiently reliable evidence, such as an affidavit or declaration attesting that she raised the alleged disclosure or activity with OSC. *Id.*, ¶ 11. Although the Board's jurisdiction is limited to those issues that were previously raised with OSC, an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC. *Id.*, ¶ 10. Here, it appears that the appellant provided OSC with the copy of the email chain that she has submitted to the Board on review reflecting her disclosure to OIG. 0085 W-1 AF, Tab 6 at 27. In any event, because OSC's determination letter references her

---

[5] Considering all argument and evidence submitted by the appellant regarding her reports, we do not find nonfrivolous allegations of a protected disclosure under 5 U.S.C. § 2302(b)(8)(A). A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified under section 2302(b)(8)(A). *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6. The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 6 (2013). We find that a reasonable person in the appellant's position would not have assumed that one apparently brief incident of unusual behavior of her computer cursor evidenced a successful attempt by management to access her computer in violation of her rights. 0085 W-2 PFR File, Tab 3 at 5, 49-52. Moreover, the appellant has not identified any law, rule, or regulation that may have been violated. *Id.* at 52.

disclosure to management that someone was accessing her computer illegally, and the OIG disclosure concerned the same matter and occurred around the same time, we find that the evidence is sufficient to find exhaustion. *Id.* at 7.

¶9        Finally, we find that the appellant has made nonfrivolous allegations that her disclosures or activities were a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). In the instant IRA appeal, the appellant alleges that the agency took the following personnel actions in retaliation for her September 2018 disclosures: (1) a low performance appraisal on October 30, 2018; (2) her placement on administrative leave following the notice of proposed removal in May 2019; and (3) her removal in October 2019. 0085 W-1 AF, Tab 1 at 3, 6, Tab 5 at 24-46, 82-83. The appellant also appears to allege that her disclosures in August 2018 concerning management's request to use her .edu email address were a contributing factor in these personnel actions, 0085 W-1 AF, Tab 1 at 3, 6, and, as mentioned above, we have found that the appellant has made nonfrivolous allegations that her August 2018 disclosures and activity were protected, 0060 W-1 Remand Order, ¶¶ 10-12.

¶10       Concerning removal, we affirm the administrative judge's findings in the initial decision that this alleged personnel action is excluded. 0085 W-2 ID at 2 n.1. Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 11 (2009). At the time of the initial decision, the appellant had appealed her removal under chapter 75, and an administrative judge had dismissed the appeal with prejudice as a sanction for her repeated failures to obey the administrative judge's discovery-related orders. *Lewis v. Social Security Administration*, MSPB Docket No. PH-0752-20-0030-I-1, Initial Appeal File, Tab 13, Initial Decision. The Board has since issued a Final Order dismissing the appellant's petition for review and affirming the initial decision. *Lewis v. Social Security*

*Administration*, MSPB Docket No. PH-0752-20-0030-I-1, Final Order (Aug. 28, 2024). A dismissal with prejudice is a judgment on the merits for purposes of res judicata. *See Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006). Thus, we find that the appellant is barred from relitigating the issue of her removal in an IRA appeal. *See, e.g.*, *Ryan*, 113 M.S.P.R. 27, ¶ 13; *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 8 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007); *Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶¶ 7-8 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003).

¶11 However, the appellant has also alleged a retaliatory performance evaluation and placement on administrative leave. 0085 W-1 AF, Tab 1 at 3, 6. A performance evaluation is a personnel action under 5 U.S.C. § 2302(a)(2)(A)(viii), regardless of whether it reflects a satisfactory rating. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 16 (2013). The Board has also held that placement on administrative leave constitutes a personnel action. *Hagen v. Department of Transportation*, 103 M.S.P.R. 595, ¶ 13 (2006). Thus, we will consider whether the appellant has raised nonfrivolous allegations of contributing factor with respect to these alleged personnel actions. One way to establish the contributing factor criterion at the jurisdictional stage of an IRA appeal is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Salerno*, 123 M.S.P.R. 230, ¶ 13. The Board has held that personnel actions occurring within 1 to 2 years after the protected disclosures are sufficient to meet the timing portion of the test. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 41.

¶12 The appellant has alleged that she disclosed the request to fraudulently use her .edu email address to "all of [her] management team, commissioners

included" in August 2018, 0085 W-1 AF, Tab 6 at 13-14, and the illegal computer access to "her department" in September 2018, *id.* at 27. As she has alleged that her entire management team was responsible for her yearly performance appraisal in October 2018, *id.* at 26, we find that she has made nonfrivolous allegations that her disclosures or activities were a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[6] As the decision to place the appellant on administrative leave in May 2019 was signed by her Deputy Division Director, we also find that she has made nonfrivolous allegations of contributing factor with respect to her placement on administrative leave.[7] 0085 W-1 AF, Tab 5 at 82-83, Tab 6 at 26. Thus, the appellant has established the Board's jurisdiction over the instant IRA appeal. *See Edwards*, 2022 MSPB 9, ¶ 8.

¶13 Based on the above, we find that dismissal without prejudice is no longer appropriate. Appeals may be dismissed in the interest of adjudicatory efficiency when an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990); *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶¶ 5-6 (2013). Because the appellant has nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) around September 2018 that was a contributing factor in the agency's decision to take a personnel action, and this protected activity is not at issue in her other IRA appeal, an identity of issues

---

[6] Furthermore, the documentary evidence shows that the individual who the appellant alleges was formally assigned as her supervisor—and presumably issued her performance appraisal—was copied on the appellant's September 2018 disclosures to OIG concerning the illegal computer access. 0085 W-1 AF, Tab 6 at 26; 0085 W-2 PFR File, Tab 3 at 50.

[7] Even though it is unclear from the appellant's pleadings whether the Deputy Division Director was part of her "department"—or privy to her September 2018 disclosures to OIG—we note that lack of knowledge by a single official is not dispositive. *Cf. Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1374-75 (Fed. Cir. 2016); *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶¶ 15-17 (2016) (citing *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 12 (2012)).

no longer exists. Furthermore, since the issuance of the initial decision in this IRA appeal, the Board has determined that the appellant nonfrivolously alleged protected disclosures and activity concerning management's request to use her .edu email address in August 2018. 0060 W-1 Remand Order, ¶¶ 10-12. The appellant has nonfrivolously alleged retaliatory personnel actions in the instant IRA appeal that she did not allege in her earlier IRA appeal, and these too are controlling issues in her current appeal that will not be determined in her other appeal should the Board find on the merits that her August 2018 disclosures or activity are protected.

¶14    Although we find that dismissal without prejudice is not appropriate, we recognize that the Board should not take a piecemeal approach by adjudicating separate, but related, issues in separate appeals. *See McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 11 (2011). The Board is authorized to join two or more appeals filed by the same appellant and hear and decide them concurrently if the Board determines that joinder "could result in the appeals being processed more expeditiously and would not adversely affect any party." 5 U.S.C. § 7701(f)(2); *Groseclose v. Department of the Navy*, 111 M.S.P.R. 194, ¶ 14 (2009); 5 C.F.R. § 1201.36(b). Given the similarity of the issues presented and the likely overlap of evidence and witnesses, joinder of the appellant's two pending IRA appeals for adjudication is appropriate. *Cf. McCarthy*, 116 M.S.P.R. 594, ¶ 11; *Groseclose*, 111 M.S.P.R. 194, ¶ 14.

## ORDER

¶15     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. The regional office will join this appeal with the appellant's separate IRA appeal that is before that office on remand, *Lewis v. Social Security Administration*, MSPB Docket No. PH-1221-19-0060-B-1.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.